United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff | ) ) ) ) Criminal Case No. 18-20834-CR-Scola |
| v. | ) ) ) |
| Iulian Carstea, Defendant. | ) ) |

## Order Denying Defendant's Expedited Motion for Compassionate Release

Before the Court is Defendant Iulian Carstea's expedited motion for compassionate release. For the reasons set forth below, the Court **denies** the motion (**ECF No. 326**).

Carstea pleaded guilty, in July 2019, to one count of an eleven-count indictment which charged him with conspiracy to import a detectable amount of oxycodone, in violation of 21 U.S.C. § 963. Carstea's nineteen-month sentence was reduced to four months after the Government filed a motion for a reduction of sentence under Rule 35. Carstea has now served about three months of his sentence. According to the Bureau of Prisons, he is scheduled to be released on October 23, 2021, becoming eligible for home detention on October 12, about one month from today.

Carstea submitted his request for compassionate release to the warden at the Federal Detention Center in Miami on August 3, 2021. The Government does not contest whether Carstea has exhausted his administrative remedies. Regardless, the Court does not find release under 18 U.S.C. § 3582(c)(1)(A)(i) appropriate in this case.

Under the relevant Sentencing Guidelines Policy Statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." § 1B1.13. The Court must also find that the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* at policy stmt. Based on this framework, to qualify for compassionate release, the Court must find extraordinary and compelling reasons warrant Carstea's release, that he is not a danger to the community, and consider the factors in 18 U.S.C. § 3553(a).

Carstea informs he "has suffered from significant Chronic Bronchitis and Asthma since he was a young child." (Def.'s Mot. at 4.) Based on his condition, he submits he is at an increased risk for serious illness should he contract COVID-19 and, therefore, has shown an extraordinary and compelling reason supporting his release. Although the Court acknowledges that "moderate to severe asthma" is recognized by the Centers for Disease Control as a risk factor for severe COVID-19 illness, it finds Carstea has failed to establish he suffers from that condition or any other condition, for that matter, that would implicate one of the risk factors identified by the CDC.

Notably there are no BOP records that indicate or even suggest that Carstea, who is thirty-five years old, suffers from moderate to severe asthma, as it is described by the CDC or the National Asthma Education and Prevention Program. *See, e.g., United States v. Davis*, 18-CR-10013-JES-JEH, 2020 WL 2488574, at *4 (C.D. Ill. May 14, 2020), *appeal dismissed,* 20-1933, 2020 WL 7055388 (7th Cir. June 22, 2020) ("Although asthma is a risk factor for COVID-19 complications, Defendant does not allege his condition is particularly severe or not controlled with medication. In fact, Defendant submits he uses an inhaler to manage his asthma symptoms."). Instead, Carstea has supplied an undated letter from a doctor who simply describes Carstea's diagnosis as "chronic bronchitis with asthma" over which he has "decent control . . . with medication." (Ex. B to Def.'s Mot., Letter from Dr. Dakroub, ECF No. 326, 18.) This falls far short of showing that Carstea currently suffers from moderate to severe asthma.

Moreover, Carstea has declined administration of the COVID-19 vaccine which was readily available to him before he was taken into custody and continues to be available to him now, in custody, as well. The record reveals Carstea has no known contraindications for the vaccine. While denial of treatment is within Carstea's rights, he cannot "manufacture extraordinary and compelling circumstances" by refusing medical care that is offered or available to him. *United States v. Gonzalez Zambrano*, No. 18-CR-2002-CJW-MAR, 2021 WL 248592, at *5 (N.D. Iowa Jan. 25, 2021); *see also United States v. Austin*, 15-20609, 2021 WL 1137987, at *2 (E.D. Mich. Mar. 25, 2021) ("A prisoner cannot on the one hand point to the risk of severe illness, while on the other hand refuse to participate in basic precautionary measures such as vaccination."); *United States v. Baeza-Vargas*, CR1000448010PHXJAT, 2021 WL 1250349, at *3 (D. Ariz. Apr. 5, 2021) ("Judges of this Court, as well as others around the country, have ruled with consistency that an inmate's denial of a COVID-19 vaccination weighs against a finding of extraordinary and compelling circumstances.") (citing over a dozen other cases).

Because the Court finds Carstea has failed to show any extraordinary or compelling circumstances, it finds he is not statutorily eligible for compassionate release and the Court, therefore, need not consider the § 3553(a) factors. Accordingly, the Court **denies** Carstea's expedited motion for compassionate release (**ECF No. 326**).

**Done and ordered** at Miami, Florida, on September 10, 2021.

_____
Robert N. Scola, Jr.
United States District Judge